IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| AFTERMARKET TECHNOLOGY CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 01-0419-CV-W-3 |
| GULF INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO CONDUCT DEPOSITIONS NOTICED BEFORE THE CLOSE OF DISCOVERY

Defendant Gulf Insurance Co. ("Gulf") has filed an opposition to Plaintiff Aftermarket Technology Corp.'s ("ATC's") motion for leave to take the depositions of former third-party defendants Hack, Inc. ("Hack") and Grant Iron & Steel ("Grant"), that were noticed by Gulf on July 3, 2002. Gulf's opposition paints an incomplete picture of the situation which precipitated ATC's motion. The rest of the story is the following:

1. During June 2002, ATC's counsel separately contacted counsel for third-party defendants Hack, Grant, and Bishop Engine ("Bishop") on the subject of the depositions of these parties. Each of these parties resides outside the subpoena power of this Court, and none are parties to the coverage dispute between ATC and Gulf. ATC's counsel's position was that ATC was only interested in taking these depositions if the core suppliers intended to appear voluntarily as witnesses in support of Gulf at the trial of the coverage action. ATC offered to forego taking these depositions if the core suppliers would support the bifurcation of the coverage dispute from the subrogation claims and would agree not to voluntarily testify in the coverage action.

KC01DOCS\596395.1

2. These discussions were nearing their conclusion on July 3, 2000, when ATC's counsel was faxed Gulf's deposition notices for Hack, Grant and Bishop. Gulf's deposition notices made ATC's prior discussions with the core suppliers effectively moot. If Gulf intended to proceed with the depositions to preserve the core suppliers' testimony for trial, then ATC would have the opportunity to cross-examine at these depositions. ATC's only concern was with scheduling issues caused by the late notice. In his July 3, 2002 e-mail to counsel (attached to Gulf's opposition), ATC's counsel proposed several alternative dates through the end of July for these depositions, on the understanding that these depositions could be taken by agreement after the July 15, 2002 discovery cutoff. On July 9, 2002, Gulf's counsel sent out another e-mail, attached hereto as Exhibit A, following up on the open dates proposed by ATC's counsel. On July 10, 2002, Bishop's counsel e-mailed a reply, attached as Exhibit B, which stated that "due to some scheduled trials, I am not available on any of the dates selected," and proposed the alternative weeks of August 12 and 19. From all appearances, the depositions were going forward on dates in August to be mutually agreed.

3. On July 22, 2002, a week after the close of discovery, Gulf's counsel telephoned ATC's counsel and said that Gulf had decided not to go forward with the previously noticed core suppliers' depositions. Gulf's counsel did not say that Gulf had reached a settlement of its third-party action against the core suppliers. Gulf's counsel also did not volunteer that in exchange for the dismissal of Gulf's third-party complaint with prejudice, Gulf obtained the agreement of the core suppliers to voluntarily appear, upon Gulf's request, at the trial of the coverage action between ATC and Gulf.

4. ATC's counsel first learned of the settlement on July 31, 2002, when identical Stipulations of Dismissal were filed by Gulf and, respectively, Grant, Hack and Bishop, each containing

596395.1

2

the same self-serving language. ATC's counsel learned of the consideration for the settlement – the core suppliers' agreement to voluntarily testify on Gulf's behalf – in a conversation with Bishop's counsel that same day. The next day, ATC filed this motion seeking leave to conduct the previously noticed depositions of Grant and Hack.

5. ATC's position remains that it is only interested in deposing the core suppliers if such out-of-district suppliers are going to voluntarily testify on Gulf's behalf at trial. These suppliers were not contacted by Gulf during Gulf's investigation of ATC's proof of loss and thus played no role in Gulf's coverage determination that is at issue in the pending coverage action. However, if Gulf, nonetheless, intends to call representatives from Grant and Hack as trial witnesses pursuant to its settlement agreement, ATC, as a matter of basic fairness, should be entitled to depose these witnesses out of time.

6. Hack's counsel, in his affidavit attached to Gulf's opposition, raises the point that Hack is no longer a party to this lawsuit and has not received a deposition subpoena. If Hack and Grant are unwilling to voluntarily appear for deposition in response to the Gulf's prior Deposition Notice, ATC, upon receiving leave of this Court to proceed with these depositions, will duly serve Hack and Grant with deposition subpoenaes to cure any potential procedural problem caused by their dismissal from the case.

WHEREFORE, for the reasons explained above, Plaintiff Aftermarket Technology Corporation respectfully requests an order of the Court allowing the previously-noticed depositions of representatives of Hack, Inc. and Grant Iron & Steel to be taken by Plaintiff out of time.

Respectfully submitted,

BRYAN CAVE LLP


By: /s/ Terence J. Thum_____
Terence J. Thum  Mo. # 32362
Jennifer A. Donnelli  Mo. # 47755
1200 Main Street, Suite 3500
Kansas City, Missouri  64105
(816) 374-3200
Fax (816) 374-3300

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed and mailed, first class postage prepaid, this 20th day of August, 2002, to the following:

Patrick J. Stueve
Stueve Helder Siegel LLP
330 W. 47th Street
Kansas City, Missouri 64112

and

Alan J. Joaquin
Drinker Biddle & Reath LLP
1500 K Street N.W., Suite 1100
Washington, D.C.  20005

ATTORNEYS FOR DEFENDANT
GULF INSURANCE COMPANY


/s/ Terence J. Thum_____
Attorney for Plaintiff